UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALBERT CRAIG,

        Plaintiff,

  v.

THE CITY OF NEW YORK (NYC), ELIAS HUSAMUDEEN, NYC DEPARTMENT OF CORRECTIONS COMMISSIONER CYNTHIA BRANN, MARIA GUCCIONE EXECUTIVE DIRECTOR OF LABOR RELATIONS AT NYC DEPARTMENT OF CORRECTIONS, and DEPUTY WARDEN DESIREE HILL,

        Defendants.

Civil Action No. 20-cv-2152 (LDH)(PK)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HUSAMUDEEN'S MOTION FOR SANCTIONS

Dated: Rhinebeck, New York
      July 17, 2020

Nathaniel K. Charny
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel – (845) 876-7500
Fax – (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Defendant Elias Husamudeen

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

STANDARD OF REVIEW FOR SANCTIONS ..................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 4

ARGUMENT ........................................................................................................................... 5

I.   The Single Count Against Defendant Husamudeen Regards Private Conduct ................... 5

II.  Section 1983 Claims Require State Action and Unions are Not State Actors ..................... 8

III. The Proper Claim is One for Breach of the Duty of Fair Representation ............................ 9

IV.  The Claim Against Defendant Husamudeen
     Has Been Brought for an Improper Purpose ...................................................................... 11

CONCLUSION ...................................................................................................................... 12

## TABLE OF AUTHORITIES

CASES

Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205 (S.D.N.Y. 2012) ......................... 4

Adams v. New York State Educ. Dep't,
No. 08-CIV-5996, 2010 WL 4970011 (S.D.N.Y. Dec. 8, 2010) ...................................................... 4

Ballas v. McKiernan, 41 A.D.2d 131 [1973], affd 35 N.Y.2d 14 (1974) ...................................... 10

Bar-Mashiah v Inc. Vil. of Hewlett Bay Park,
18-CIV-4633 (AKT), 2019 WL 4247593 (E.D.N.Y. Sept. 6, 2019) ............................................... 4

Calloway v. Marvel Entm't Grp., a Div. of Cadence Indus. Corp.,
854 F.2d 1452 (2d Cir. 1988) ......................................................................................................... 2

Ciambriello v. Cnty. of Nassau, 292 F.3d 307 (2d Cir. 2002) .................................................. 8, 11

Colucci v. New York Times Co., 533 F. Supp. 1011 (S.D.N.Y. 1982) ........................................... 3

Cranley v. Nat'l Life Ins. Co. of Vermont, 318 F.3d 105 (2d Cir. 2003) .................................. 8, 10

D'Onofrio v City of New York,
07-CIV-0731 (CBA) (LB), 2010 WL 4673879 (E.D.N.Y. Sept. 14, 2010),
report and recommendation adopted sub nom. D'Onofrio v City of New York,
07-CV-0731 (CBA) (LB), 2010 WL 4673948 (E.D.N.Y. Nov. 5, 2010) ........................................ 8

Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329 (2d Cir. 1986) ................... 3

Fox v. Vice, 563 U.S. 826, 131 S.Ct. 2205 (2011) .......................................................................... 4

Fuerst v. Fuerst, 832 F.Supp.2d 210 (E.D.N.Y. 2011) ................................................................... 2

Gill v. Silver Inv'rs Inc., 413 F.Supp.3d 123 (E.D.N.Y. 2016) ..................................................... 11

Hochstadt v. New York State Educ. Dep't, 547 Fed. App'x 9 (2d Cir. 2013) ................................ 4

Jackson v. Temple Univ. of Com. Sys. of Higher Educ.,
721 F.2d 931 (3d Cir. 1983) ........................................................................................................... 8

Jiminian v. Seabrook, 760 Fed.Appx. 38 (2d Cir. 2019) .............................................................. 10

Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002) ........................................................................ 4

Margo v. Weiss, 213 F.3d 55 (2d Cir. 2000) .................................................................................. 2

Matter of LaSonde v. Seabrook, 89 AD3d 132 (1st Dept 2011) .................................................. 10

Matter of Valentin v Correction Officers' Benev. Ass'n, Inc.,
51 Misc.3d 1227(A), 41 N.Y.S.3d 453 (New York County 2016) ............................................... 10

Oliveri v. Thompson, 803 F.2d 1265 (2d Cir. 1986) ..................................................................... 3

O'Malley v. New York City Transit Auth., 896 F.2d 704 (2d Cir. 1990) ....................................... 2

Pennie & Edmonds LLP, 323 F.3d 86 (2d Cir. 2003) ................................................................... 2

Perry v. Metro. Suburban Bus Auth., 390 F.Supp.2d 251 (E.D.N.Y. 2005) .................................. 8

Shabtai v. Levande, 13-CIV-4580, 2013 WL 6116850 (E.D.N.Y. Nov. 20, 2013) ..................... 11

Tancredi v. Metro. Life Ins. Co., 316 F.3d 308 (2d Cir. 2003) ...................................................... 8

United States v. Int'l Bhd. of Teamsters,
Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO,
948 F.2d 1338 (2d Cir. 1991) ......................................................................................................... 3

Vega v. Fox, 457 F.Supp.2d 172 (S.D.N.Y. 2006) ........................................................................ 8

Venegas v. Mitchell, 495 U.S. 82 (1990) ....................................................................................... 4

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................................ 3

42 U.S.C. § 1988 ............................................................................................................................ 3

CPLR § 217 .................................................................................................................................... 9

Fed.R.Civ.P. 11(b) ......................................................................................................................... 2

Fed.R.Civ.P. 11(c)(3) ..................................................................................................................... 2

INTRODUCTION

Plaintiff Albert Craig with his attorney Fred Lichtmacher's signature brings a single Section 1983 claim against Defendant Elias Husamudeen -- a private actor -- for retaliation under the First Amendment of the U.S. Constitution.

This claim is frivolous. Instead, what Plaintiff is actually complaining about is how Defendant Husamudeen has exercised his responsibility as the principal officer of the Correction Officers' Benevolent Association, Inc. (COBA, a private entity).[1] This does not make a Constitutional violation under any set of facts, let alone those present in the pleading.

What is obvious is that the instant claim was brought by Plaintiff and executed by attorney Fred Lichtmacher for an improper purpose, which was to create campaign fodder for Plaintiff in his efforts to win his bid to oust Defendant Husamudeen in the current election for COBA President.

As such, Defendant Husamudeen brings this motion for sanctions under FRCP Rule 11, 28 U.S.C. Section 1927, 28 U.S.C. Section 1988 as well as he inherent power of the Court. Defendant Husamudeen seeks sanctions deemed appropriate by the Court, including attorneys fees and costs in defending against this frivolous claim and bringing the instant motion.

STANDARD OF REVIEW FOR SANCTIONS

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not

---

[1] Naming Defendant Husamudeen in his "individual capacity" is similarly frivolous as an attempted end run around this problem. As is apparent, the contention that Defendant Husamudeen was ever "acting as an individual outside of his authority as President," Complaint ¶ 9, is not only an internal-Union question, it is without any basis in law or fact.

1

presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b).

Sanctions under Rule 11 can be awarded following either a motion on notice or upon a sua sponte determination of the court. See Fed.R.Civ.P. 11(c)(3). When a motion is made on notice, "[t]he standard for triggering the award of fees under Rule 11 is objective unreasonableness," Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000), as opposed to "bad faith," In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003).

In the Second Circuit, an action is "objectively unreasonable" such that "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless.'" Fuerst v. Fuerst, 832 F.Supp.2d 210, 220 (E.D.N.Y. 2011) (citing authority); see also Calloway v. Marvel Entm't Grp., a Div. of Cadence Indus. Corp., 854 F.2d 1452, 1472 (2d Cir. 1988), O'Malley v. New York City Transit Auth., 896 F.2d 704, 709 (2d Cir. 1990) ("[C]ontinuing to press an obviously meritless lawsuit does tend to indicate bad faith and further supports the imposition of a Rule 11 sanction.")).

Under 28 U.S.C. Section 1927, any attorney in a federal court who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As compared to Rule 11, "bad faith" is the touchstone of an award under this statute.

Case 1:20-cv-02152-LDH-PK   Document 13-3   Filed 07/17/20   Page 7 of 16 PageID #: 142

United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991).

The Second Circuit has held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose []."  Id. (citation omitted); Oliveri v. Thompson, 803 F.2d 1265 (2d Cir. 1986); Colucci v. New York Times Co., 533 F. Supp. 1011, 1014 (S.D.N.Y. 1982) ("To justify the imposition of excess costs of litigation upon an attorney [under § 1927] his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.  The section is directed against attorneys who willfully abuse judicial processes.").

Similarly, under the exercise of a Court's inherent power to supervise and control its own proceedings, the bad-faith exception to the "American Rule" -- that litigants generally bear their own litigation expenses -- allows a court to award attorneys' fees where there is "both 'clear evidence' that the challenged actions 'are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes . . .'"  Oliveri, 803 F.2d at 1272 (quoting Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986)).

The standard a court uses in determining whether to impose sanctions under its inherent authority is substantively similar to the standard a court uses in determining whether to impose sanctions under Section 1927.  See Oliveri, 803 F.2d at 1273 ("[W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent powers.") (citation omitted)).

Finally, under 42 U.S.C. § 1988 a court may, in its discretion, award attorneys' fees to the "prevailing party" in an action brought under 42 U.S.C. § 1983.  "Section 1988 makes the

3

prevailing party eligible for a discretionary award of attorney's fees." Venegas v. Mitchell, 495 U.S. 82, 87 (1990).

Section 1988 authorizes a District Court to award attorney's fees to a defendant in a Section 1983 action "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Fox v. Vice, 563 U.S. 826, 833, 131 S.Ct. 2205, 2213 (2011).

In any case, as here, where a plaintiff's claims are "objectively unreasonable" under Rule 11(b)(2) as "it is patently clear that [the] claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands[.]' " Adams v. New York State Educ. Dep't, No. 08-CIV-5996, 2010 WL 4970011, at *7 (S.D.N.Y. Dec. 8, 2010), report and recommendation adopted as modified sub nom. Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205 (S.D.N.Y. 2012), aff'd sub nom. Hochstadt v. New York State Educ. Dep't, 547 Fed. App'x 9 (2d Cir. 2013); Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002); Bar-Mashiah v Inc. Vil. of Hewlett Bay Park, 18-CIV-4633 (AKT), 2019 WL 4247593, at *12-16 (E.D.N.Y. Sept. 6, 2019) (the attorney should be punished for allowing the frivolous matter to proceed).

Defendant Husamudeen seeks sanctions under all of these provisions in that this suit against Defendant Husamudeen is entirely baseless and frivolous and the action was brought for an improper purpose.

FACTUAL BACKGROUND

For all times relevant to the instant matter Defendant Husamudeen was and is the President and Principal Officer of COBA, a New York State Not-for-Profit Corporation. COBA is the labor union representing the Correction Officers employed by the City of New York.

4

As President and principal officer of COBA, Defendant Husamudeen enjoys broad discretion on matters regarding internal-Union management such as dispensing Union-financed vehicles and gas cards and managing the distribution of release time from work to engage in Union activity.  Husamudeen Decl. ¶ 1, 6, 14-19 & Exs. 2, 3, 4.

In 2014, Plaintiff was appointed to the COBA Executive Board by COBA's now-disgraced former President Norman Seabrook.  Husamudeen Decl. ¶ 7.

Since Defendant Husamudeen has been President of COBA, Defendant Husamudeen has exercised his broad discretionary authority regarding benefits such as release time in the best interests of the Union and its members.  Id. at ¶¶ 1, 6, 14-19.  Defendant Husamudeen routinely re-distributes assignments among and within the Executive Board members.  Id.

In the instant claim against Defendant Husamudeen Plaintiff is challenging these internal-Union decisions by Defendant Husamudeen, couching them frivolously as federal Constitutional claims.  Not so subtly, the instant lawsuit was brought on eve of the internal-Union elections at COBA, where Plaintiff is running against Defendant Husamudeen for the Presidency. Husamudeen Decl. ¶ 24 & Ex.7.

## ARGUMENT

I.   The Single Count Against Defendant Husamudeen Regards Private Conduct

While Plaintiff makes a raft of civil rights claims against the City of New York and other public actors, Plaintiff brings one count against Defendant Husamudeen -- a Section 1983 claim for First Amendment retaliation.  See Complaint ¶¶ 247-251.

Once parsed of its surplusage, Plaintiff's allegations against Defendant Husamudeen arise exclusively out of Defendant Husamudeen's responsibility as the principal officer of COBA, and all the allegations regard the actions and nonactions taken by Defendant Husamudeen as

5

President of COBA in furtherance of Defendant Husmudeen's obligation to safeguard the interests and concerns of COBA and its members.

The following are the entirety of the alleged retaliatory action(s) pleaded in the Complaint by Plaintiff and his counsel at the hands of Defendant Husamudeen:

> ¶ 52: . . . Mr. Husamudeen . . . began actively ostracizing Mr. Craig from his role as an Executive Board member.
>
> ¶ 53: Mr. Husamudeen began limiting Mr. Craig to speaking no more than five minutes at [COBA] meetings, and Mr. Craig was entirely prevented from speaking out about officer safety.
>
> ¶ 67: . . . Plaintiff [] still had to attend [a certain] training, a ploy used to remove Mr. Craig from attending an Executive Board meeting.
>
> ¶¶ 70-71: . . . Mr. Husamudeen [unilaterally] changed Mr. Craig's [Union] assignments . . . .
>
> ¶¶ 78-79, 128, 148, 151, 152, 154-157: . . . Mr. Husamudeen [] sent Plaintiff back to the prisons [by taking away Plaintiff's "permanent" Union] release time[2] [and as a result Plaintiff] could not attend the Board meeting . . .
>
> ¶ 100: . . . Mr. Husamudeen turned off Mr. Craig's COBA email, he had all Mr. Craig's calls forwarded to his office and he threatened that if he wanted his benefits, for him and his family, he would have to get them through his office.
>
> ¶¶ 126-127: . . . Mr. Husamudeen [] began blocking Mr. Craig from attending [COBA Finance and Board] meetings . . . . One tactic Mr. Husamudeen used to keep Mr. Craig from Board meetings was by failing to provide him with the correct time for such meetings.

---

[2] As explained in Defendant Husamudeen's Declaration, release time for Union activity is granted at the exclusive discretion of the COBA President. Husamudeen Decl. ¶¶ 15-16 Ex. 3, There is no U.S. Constitutionally-protected right to Union release time, as attorney Fred Lichtmacher -- who markets himself as a civil rights legal expert -- knows. The issue of Union release time is an internal-Union issue, as Plaintiff and his counsel essentially concede. See Complaint ¶ 134 ("Husamudeen admitted that Mr. Craig was sent back to the jail for doing 'nothing' and that it is his right to send him back as the president because he has control of 'release time' and he openly admitted he just did not want Mr. Craig in his office and he reiterated the same things at a September meeting." (quotations in original)); Complaint ¶ 148 (alleging that the release time was taken away from Plaintiff and given instead to one of Husamudeen's internal-Union political allies).

6

> ¶ 147: . . . Mr. Husamudeen demand[ed Plaintiff] return all COBA equipment . . . .
>
> ¶¶ 161-162: [Plaintiff has to] pay for his own gas and maintenance of the vehicle, things which he is entitled to be compensated for via virtue of his position [with COBA].

And presumably in summary, Plaintiff and his counsel conclude as follows:

> ¶ 238: To date, Mr. Craig has lost release time from the jails, he has been harmed financially including but not limited to Mr. Craig paying for his own gas and maintenance on the vehicle he is entitled to and which he needs by virtue of his position with the Board; he is being continually subjected to hostile actions, intended to harm him emotionally and financially; he is spending time in the increasingly dangerous and violent jails which he had not been forced to do prior to speaking out and exercising his First Amendment rights on matters of public interest; and he has become severely physically and emotionally ill due to the retaliation against him.

Plaintiff's summary (paragraph 238 of the Complaint) is an accurate summation of the specific allegations in the Complaint which set out the alleged retaliatory conduct by Defendant Husamudeen. The retaliatory conduct alleged is indeed limited to "lost release time from the jails [and] paying for his own gas and maintenance on the vehicle he is entitled to and which he needs by virtue of his position with the [COBA] Board . . ." Complaint ¶ 238.

In 2015, another COBA Executive Board member (William Valentin) brought an Article 78 Petition in New York State Supreme Court (which would have been Plaintiff's and his counsel Fred Lichtmacher's at-least-arguably valid venue and claim). The Supreme Court dismissed the Petition because "the actions and inactions complained of in the petition amount to the internal workings of a union." <u>Valentin vs. Seabrook et al.</u>, Index No. 100135/15, Decision & Order on Motion to Dismiss, at p. 2 (New York County July 1, 2015) (submitted as Husamudeen Exhibit 2). The instant claim against Defendant Husamudeen is no different.

7

II.        Section 1983 Claims Require State Action and Unions are Not State Actors

It is foundational that "[a] plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). The U.S. Constitution regulates only the Government, not private parties and therefore a plaintiff alleging a Section 1983 violation "must show that the allegedly unconstitutional conduct is 'fairly attributable' to the state." Cranley v. Nat'l Life Ins. Co. of Vermont, 318 F.3d 105, 111 (2d Cir. 2003).[3]

It is similarly foundational that Labor unions generally are not state actors. Ciambriello, 292 F.3d at 323; see Perry v. Metro. Suburban Bus Auth., 390 F.Supp.2d 251, 262 (E.D.N.Y. 2005) (finding that labor union was not subject to Section 1983 liability as a matter of law); D'Onofrio v City of New York, 07-CIV-0731 (CBA) (LB), 2010 WL 4673879, at *7 (E.D.N.Y. Sept. 14, 2010), report and recommendation adopted sub nom. D'Onofrio v City of New York, 07-CV-0731 (CBA) (LB), 2010 WL 4673948 (E.D.N.Y. Nov. 5, 2010); see also Jackson v. Temple Univ. of Com. Sys. of Higher Educ., 721 F.2d 931, 933 (3d Cir. 1983).

The Second Circuit's decision in Ciambriello, supra, is on point not only because the plaintiff's Section 1983 claim against the Union was dismissed due to the union's status as a private party but also because the Second Circuit held that where the union and the State are in adversarial positions, as here, allegations that the union and the state conspired to commit a Section 1983 violation "ring especially hollow." Id. at 324.

---

[3] Whether or not there is State action is both jurisdictional and a legal question for the Court. Vega v. Fox, 457 F.Supp.2d 172, 181 (S.D.N.Y. 2006).

III.     The Proper Claim is One for Breach of the Duty of Fair Representation

Both Plaintiff and his counsel Fred Lichtmacher are uniquely positioned to know full well the frivolity of their Constitutional claim against Defendant Husamudeen.  And both Plaintiff and his counsel Fred Lichtmacher are similarly uniquely positioned to know that the proper claim against Defendant Husamudeen for the purported adverse actions is a State Court claim for breach of the duty of fair representation, New York Civil Service Law Section 209-a ("deliberately invidious, arbitrary, or founded in bad faith"), a claim regarding which they are well out of time, CPLR 217.

As to Plaintiff himself, Mr. Craig has been a member of the COBA Executive Board during the unsuccessful litigation of a prior-dissident's (William Valentin) attempt to litigate the same gripes against then-COBA President Norman Seabrook.  In particular, Valentin alleged -- as here -- that he was "unlawfully deprived of various benefits and powers associated with his elected position [by the COBA President]."  Valentin, supra at p. 1.  Mr. Craig knows that the case was dismissed because things like release time and gas cards are within the discretion of the Union's principal officer, in this case Defendant Husamudeen, and subject to obligatory internal-Union procedures.  Id. at p. 2.

In any case, to the extent that Plaintiff believes that Defendant Husamudeen has breached his obligations under the governing documents for COBA, this has nothing at all to do with the U.S. Constitution and everything to do with internal Union governance, with its own remedies and procedures, including the four month statute of limitations for an Article 78 proceeding.

In one of the many decisions issuing out of the Valentin matters, the Supreme Court explains that challenging the internal-Union processes of COBA has certain obligatory conditions precedent.

9

> As noted above, Article XVII of the [COBA Constitution and Bylaws] requires a COBA member to exhaust all administrative remedies provided by COBA before resorting to actions or proceedings before another forum, administrative, judicial or otherwise . . ." A union's constitution and by-laws constitute a contract between the union and its members and define not only their relationship but also the privileges secured and the duties assumed by those who become members, unless contrary to public policy' (Ballas v. McKiernan, 41 A.D.2d 131, 133 [1973], affd 35 N.Y.2d 14 (1974))." Matter of LaSonde v. Seabrook, 89 AD3d 132, 137 (1st Dept 2011).

Matter of Valentin v Correction Officers' Benev. Ass'n, Inc., 51 Misc.3d 1227(A), 41 N.Y.S.3d 453 (New York County 2016). Even if such conditions precedent were met, appellate review is not through a federal lawsuit claiming deprivation of a Constitutional right. Instead, it is through an Article 78 proceeding in State Court. Id.

In addition, many of the allegations (Complaint ¶¶ 38, 54-65, 180-191) have already been unsuccessfully litigated -- twice. First, these claims were litigated and resolved by the Second Circuit as lacking facts sufficient to show demand futility. Jiminian v. Seabrook, 760 Fed.Appx. 38 (2d Cir. 2019). And the second time these allegations and claims were litigated, Attorney Lichtmacher -- representing the Plaintiff here as defendant in that action -- joined COBA's counsel in seeking dismissal of these very same claims as res judicata. Husamudeen Decl. ¶¶ 9-12 Ex. 1. Notably, on June 12, 2020, this second effort was dismissed by the Supreme Court. Husamudeen Decl. Ex. 1.

In any case, even putting aside the statute of limitations issues and the res judicata issues, Attorney Fred Lichtmacher is obligated to be aware of the elevated burden when bringing a private actor into United States District Court for alleged Constitutional violations -- "there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Cranley, 318 F.3d at 111; Gill v. Silver

10

Inv'rs Inc., 413 F.Supp.3d 123, 127-28 (E.D.N.Y. 2016) ("To state a Section 1983 conspiracy claim against a private entity, Plaintiffs must do more than plead simply and in conclusory fashion that Defendants "conspired" with state actors." (citing Ciambriello, 292 F.3d at 324)); Shabtai v. Levande, 13-CIV-4580, 2013 WL 6116850, at *3 (E.D.N.Y. Nov. 20, 2013).

Plaintiff, and especially his counsel Fred Lichtmacher ignored this black letter rule of law in allowing Plaintiff to submit to this Court with counsel's signature attesting to the non-frivolous nature of this frivolous claim.

IV. The Claim Against Defendant Husamudeen
    Has Been Brought for an Improper Purpose

It is apparent that Plaintiff and his counsel have brought the instant suit against Defendant Husamudeen for an improper purpose, that is, to advance Plaintiff Craig's internal-Union campaign for President of COBA.

Such improper purpose is evinced by the following irrefutable facts:

(i)   The suit was commenced year(s) after the alleged conduct by Defendant Husamudeen;

(ii)  Plaintiff and his counsel waited until the eve of the COBA election to initiate this lawsuit;

(iii) The Complaint is riddled with absurd and transparently political personal accusation against Defendant Husamudeen, such as conclusory allegations that Defendant Husamudeen has been in cahoots with the City in closing Rikers Island, that Defendant Husamudeen is placing his members in danger from COVID-19, that Defendant Husamudeen is having Plaintiff's email and phone tapped, that Defendant Husamudeen is that Defendant Husamudeen is not protecting COBA members from violence, that Defendant Husamudeen is somehow hurting the members' jobs, and, remarkably, that Defendant Husamudeen is complicit

11

with some sort of racist plot to deprive African American COBA members with Personal Protective Equipment.

(iv)     Plaintiff and Lichtmacher are and have been using the lawsuit to gain publicity for Plaintiff's internal-Union campaign against Defendant Husamudeen.  Husamudeen Decl. ¶ 24 & Ex. 7.

## CONCLUSION

For these reasons as well as the entire record before the Court, it is submitted that the instant motion for sanctions should be granted and that Plaintiff and his counsel Fred Lichtmacher should be found to have engaged in sanctionable conduct.  Defendant Husamudeen requests that appropriate sanctions be awarded, including reimbursing the attorneys fees and costs incurred in bringing this motion and defending these frivolous and baseless claims against Defendant Husamudeen.

Dated: Rhinebeck, New York
       July 17, 2020

_____
Nathaniel K. Charny
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel – (845) 876-7500
Fax – (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Defendant Elias Husamudeen