Fred Lichtmacher
The Law Officer of Fred Lichtmacher PC
116 West 23rd Street Suite 500
New York, NY 10011
(212) 922-9066
empirestatt@aol.com

November 19, 2020

Hon. Lashann Dearcy Hall, U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
**VIA ECF**

                Re:   <u>Craig v. City of New York</u>, et al. 20-cv-2152 (LDH)(PK)

Your Honor,

      I represent the plaintiff in the above matter, and request that the Court accept this letter motion requesting that I be relieved from continuing as counsel for Plaintiff pursuant to Local Rule 1.4.

      When deciding whether to grant counsel leave to withdraw, this Court weighs two factors (1) "the reasons for withdrawal" and (2) "the impact of the withdrawal on the timing of the proceeding." <u>Estate of Larry Shaw & Susan Shaw v. Marcus</u>, No. 7:14-CV-3849 (NSR), 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016) (quoting <u>Blue Angel Films, Ltd. v. First Look Studios, Inc.</u>, No. 08-CV-6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). (<u>Raji v Societe Generale Ams. Sec. LLC</u>, 2016 US Dist LEXIS 175919, at *5 [SDNY Dec. 19, 2016, No. 15-CV-1144 (AT) (JLC)])

      In evaluating whether adequate reason to withdraw exists, the Court weighs whether the attorney has established a "satisfactory reason" for withdrawal. <u>Blue Angel</u>, 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1. There does not appear to be a "clear standard for what may be considered a satisfactory reason. <u>Id</u>. However, a "deterioration in the attorney-client relationship can provide adequate ground for withdrawal even where the client objects." [*6] <u>Ameruso v. City of N.Y.</u>, No. 15-CV-3381 (RA) (BCM), 2016 U.S. Dist. LEXIS 58165, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016). (<u>Raji v Societe Generale Ams. Sec. LLC</u>, 2016 US Dist LEXIS 175919, at *5-6 [SDNY Dec. 19, 2016, No. 15-CV-1144 (AT) (JLC)]). I am certain my client does not object.

      In the instant matter, My relationship with Plaintiff has suffered an irreparable breakdown and my client's attitude towards me, to put it euphemistically, demonstrates great animosity, and as a practical matter it would be impossible for me to continue to effectively communicate with him much less represent him. Due to the Irreconcilable differences between

Plaintiff and myself, cordial and effective communication has become utterly impossible. I am not able to have a cooperative attorney-client relationship with Plaintiff on any level. Furthermore, I exchanged emails with the Plaintiff yesterday and today, and while the content of the emails was less than cordial, it is overtly obvious he is of a like mind.

For the second factor, the Court examines "whether 'the prosecution of the suit is likely to be disrupted by the withdrawal [*8] of counsel." Estate of Larry Shaw, 2016 U.S. Dist. LEXIS 120742, 2016 WL 4679734, at *2 (quoting Blue Angel Films, 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *2) (internal alterations omitted). "[W]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." Id. (quoting Winkfield v. Kirschenbaum & Phillips, P.C., No. 12-CV-7424 (JMF), 2013 U.S. Dist. LEXIS 12093, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013)) ; see also, e.g., Taub, 2016 U.S. Dist. LEXIS 102849, 2016 WL 4146675, at *2 (granting motion to withdraw where "case is not on the verge of trial"); Ameruso, 2016 U.S. Dist. LEXIS 58165, 2016 WL 1697602, at *2 ("Where, as here, discovery has not yet closed and the matter is not trial-ready, withdrawal of counsel is unlikely to cause undue prejudice.")

In this matter, only limited discovery has begun, and as such the Court can properly allow my withdrawal at this time.

I will provide Plaintiff with his file upon being relieved as counsel to facilitate Plaintiff's retention of new counsel or representation *pro se*.

If the Court grants this application, I respectfully request instruction as to what if anything I need to do regarding the pending motions.

For clarity, this case may not be cookie cutter but it is very strongly supported by the evidence and it involves one of the most important issues of our times. While I have a certain sadness about not being able to pursue this crucial matter, it is utterly impossible for Mr. Craig and this office to work together.

                                            Respectfully Submitted,

                                            /s/                .

                                            Fred Lichtmacher

cc: All counsel of record electronically via CM/ECF
cc Alber Craig via email