

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Iván A. Méndez, Jr.**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Telephone: (212) 356-2450
E-mail: imendez@law.nyc.gov

February 5, 2021

**By ECF**

Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Craig v. City of New York, et al.</u>,
         20 Civ. 2152 (LDH)(PK)
         Our No. 2020-021376

Dear Judge Kuo:

    I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel for the City of New York, attorney for defendants City of New York, New York City Department of Correction ("DOC") Commissioner Cynthia Brann, Maria Guccione, and Desiree Hill ("Municipal Defendants") in the above-referenced action. Municipal Defendants write, jointly with Co-Defendant Husamudeen, in response to the Court's Order, dated February 1, 2021, directing the parties to submit a joint case management plan by February 8, 2021. For the reasons set forth below, Defendants respectfully request that the Court continue the stay of discovery that has been in effect since September 16, 2020, when the Court held: "For the reasons stated on the record, the motion is granted, and <u>discovery is stayed pending a decision on the anticipated motion to dismiss</u>." <u>See</u> September 26, 2020 Minute Entry (emphasis added). We apologize for not indicating whether Plaintiff consented to a continued stay of discovery. Plaintiff does not consent to the requested stay.

  **A. Procedural History**

    A pre-motion conference concerning the Defendants' anticipated motions to dismiss was held on December 17, 2020. Given the various and extensive defects in the Complaint, plaintiff was given an opportunity to amend his complaint, and requested that he be permitted to file an amended complaint on or before January 29, 2021. <u>See</u> December 22, 2020 Minute Entry and Order; ECF Dkt. No. 27; December 24, 2020 Order. Plaintiff filed his amended complaint on January 29th. <u>See</u> ECF Dkt. No. 28. As set forth below, the Amended

Complaint suffers from the same deficiencies as Plaintiff's prior complaint, and the Court should therefore continue the stay of discovery that had been in place since September 16, 2020.

### B. A Continued Stay of Discovery is Warranted

Defendants respectfully submit that an order staying discovery pending the disposition of Defendants' anticipated motions to dismiss the Amended Complaint is warranted. Pursuant to Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Boetler v. Hearts Communs., Inc., No. 15 Civ. 3934, 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016).

As will be detailed in the Defendants' forthcoming pre-motion letters, Plaintiff's claims are deficient in that: (1) the First Amendment retaliation claims are fatally flawed because there is no causation to be inferred from the Complaint, and Plaintiff did not suffer an adverse action; (2) Plaintiff cannot make out a Monell claim, because he has not pleaded that the alleged deprivations were caused by a municipal policy, practice or custom; and (3) Plaintiff's Substantive Due Process claim fails because such a claim is nothing more than an attempt to micro-manage and intrude upon governmental operations—here, DOC's adherence to guidance from the Centers for Disease Control and the City's Department of Health with respect to the management of the COVID-19 pandemic; and (4) Defendant Husamudeen cannot be held liable as he is not a state actor.

Plaintiff's claims here are entirely reliant on a speculative theory that the DOC and the Correction Officers' union conspired to deprive Plaintiff of his constitutional rights by retaliating against him. These claims are heavy on conjecture, but light on facts, and the Amended Complaint is therefore likely to be dismissed. Thus, Municipal Defendants have shown good cause for staying discovery. See, e.g., Boetler, 2016 U.S. Dist. LEXIS 12322, at *17 (staying discovery pending a resolution on the motion to dismiss); Targum v. Citrin Cooperman & Co., LLP, No. 12 Civ. 6090, 2013 U.S. Dist. LEXIS 71472, at *5 (S.D.N.Y. May 20, 2013) (finding good cause to stay discovery "until Plaintiffs have finalized their complaint and dismissal motion practice against that complaint has been briefed.")

Finally, not only will Plaintiff not be prejudiced by this stay of discovery, but all parties will benefit. If the Defendants' motions are granted in full, all parties will be spared the time and expense of conducting discovery. Even if Defendants' motions are granted only in part, the parties will still benefit, as the scope of discovery will be limited. See, e.g., Chesney, 236 F.R.D. at 116 ("By waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated, as to certain named defendants here.").

Accordingly, Defendants respectfully request that the Court stay discovery pending a decision on the defendants' motions to dismiss, and that the Court adjourn the Court excuse the parties from filing a case management plan on February 8, 2020. We thank the Court for its consideration of this request.

Respectfully submitted,

Iván A. Méndez, Jr.
Senior Counsel

cc: All Counsel of Record
(By ECF)